HERMAN KERSEY,

    Petitioner,

v.

TONY TRIERWEILER,

    Respondent,

_____/

Civil No. 2:18-CV-10636
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Herman Kersey, ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery, Mich. Comp. Laws § 750.529, conspiracy to commit armed robbery, Mich. Comp. Laws § 750.157a, assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84, conspiracy to commit assault with intent to do great bodily harm, Mich. Comp. Laws § 750.157a, carrying a dangerous weapon with unlawful intent, Mich. Comp. Laws § 750.226, carrying a concealed weapon, Mich. Comp. Laws § 750.227, felon in possession of a firearm, Mich. Comp. Laws § 750.224; and felony-firearm, Mich. Comp. Laws § 750.227b. For the reasons stated below, the petition is held in abeyance under the terms outlined in the opinion to permit petitioner to complete his post-conviction proceedings in the state courts to exhaust several claims. The Court will also administratively close the case.

1

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Kersey*, No. 324674, 2016 WL 1230445 (Mich. Ct. App. Mar. 29, 2016), *lv. den.* 500 Mich. 896, 887 N.W.2d 197 (2016).

Petitioner filed a post-conviction motion for relief from judgment, in which he raised what make up his second through sixth claims in his habeas petition. The judge denied the motion on December 5, 2017. Petitioner has filed an application for leave to appeal the denial of this motion to the Michigan Court of Appeals, which remains pending before that court.

Petitioner has now filed a petition for writ of habeas corpus. Petitioner also filed a motion to hold the petition in abeyance pending the completion of his post-conviction proceedings.

## II. Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before seeking habeas relief in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his or her available state court remedies, there is an

absence of available state corrective process, or circumstances exist that would make such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas claim in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). [1]

Petitioner filed a post-conviction motion for relief from judgment, which was denied by the state trial court. Petitioner's post-conviction appeal from the denial of that motion remains pending in the Michigan Court of Appeals. The general rule is that a habeas petition should be denied on exhaustion grounds where the petitioner's state post-conviction motion remains pending in the state courts. *See e.g. Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Wagner v. Smith,* 581 F. 3d 410, 414 (6th Cir. 2009). Where a habeas petitioner has an opportunity under state

---

[1] In his motion to hold the petition in abeyance, petitioner appears to argue that the petition should be held in abeyance because it contains only exhausted claims. However, a review of the petition shows that it is in fact a mixed petition because petitioner has included his unexhausted claims in his petition.

3

law to file an appeal following the state trial court's denial of his or her state post-conviction motion, the petitioner has failed to exhaust state court remedies. *See Cox v. Cardwell*, 464 F. 2d 639, 644-45 (6th Cir. 1972). Petitioner's second through sixth claims are unexhausted.

A habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the Antiterrorism and Effective Death Penalty Act's statute of limitations could file a "protective" petition in federal court, as petitioner has done, and then request that the petition to be stayed or held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims are not "plainly meritless." Further, petitioner argues that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Wagner,* 581 F. 3d at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable

time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. Petitioner has already filed a post-conviction motion for relief from judgment with the state courts. Petitioner must ask this Court to lift the stay within ninety days of exhausting his state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

## III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner shall re-file his habeas petition within 90 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

*See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court shall order the Clerk to reopen this case for statistical purposes.

s/Arthur J. Tarnow  
HON. ARTHUR J. TARNOW  
UNITED STATES DISTRICT JUDGE

DATED: March 15, 2018